Okay, the next argued case is number 17-2340 Crow Creek Sioux Tribe against the United States, Mr. Tye. Good morning, Your Honor. Thank you. Austin Tye, Nix, Patterson, and Roach for the Crow Creek Sioux Tribe. May it please the Court. I stand before you today because the court below took a shortcut in dismissing my case. What is the property interest that is being asserted here? Is it a property, is it what would be called a winter property interest? It is, sir. It's a winter's reserved water right. So we have an ownership interest in that water. But in order to bring the 162 AD 8 claim for mismanagement, we don't need to have an ownership interest. That's not a prerequisite to bringing that claim. The error committed by the court below was the shortcut, and that's not my word. That's Judge Hodge's word, and what he said was, look, I don't see how you're ever going to be able to prove damages. These cases tend to go on for a long, long time, and what's the point? That's another quote from him. What's the point of letting this case go forward if you can't prove damages in trial? Well, he may have used the wrong language, but if there's no allegation of injury, then you have no claim, right? That's absolutely true, but there is an allegation of injury. But there's no allegation that you were deprived of any water that would fall within a winter's right. Well, we don't have to be deprived of the actual use of water to have a claim for the mismanagement of that water. If that water is diverted, as it has been, if that water— But why is that right? I mean, all 162 AD 8 says is that the department has to manage natural resources. It doesn't define the natural resources to which the tribe has rights. Winters does that. So unless you can—unless you have alleged—I think Judge Hodges concluded you hadn't—that you had gotten less than winter's entitled you to, then neither your takings nor mismanagement claim has a foundation, does it? I respectfully disagree, Your Honor, because that conflates 162 AD 8 with the winter's rights. I agree with you that 162 AD 8 does not speak to winter's rights. What it does say clearly is that the government has an obligation to appropriately manage natural resources. I don't think anyone could argue that water is not a natural resource. So my claim is that they did not appropriately manage my natural resource, the water. It doesn't require— So where's the injury, though? I mean, let's suppose they did mismanage it, but the question is whether that led to any injury, whether you've alleged that that led to any injury, any deprivation of the winter's water, if you call it that. The key word in your question, Your Honor, and I'm glad you used it, is did I allege? Because we have to make a very fine line here between what I have to prove at trial and what I have to allege in order to trigger subject matter jurisdiction. So to answer your question, yes, both 162 AD 8 and the Fifth Amendment are money-mandating causes of action. So have I alleged an injury? I certainly have. 162 AD 8 gives rise to a money-mandating claim, the breach of which is a foundation. That statute alone gives rise to a claim, and it's also a basis for my breach of fiduciary duty. I have alleged an injury. The whole thing sort of swirling around here is, well, okay, so there's no question I can go down to the river tomorrow and take that water. There's no question. I have a primary right under the winner's doctrine to do so. What are my damages now, considering that I can walk down and take that water? Well, inherent in that question is, well, there's more water coming down around the bend. You can still go down and get that water. What are your damages? I have a present perfected right under Arizona in that water. That exists. The taking of that water gives rise to a damages claim. The mismanagement of that water gives rise to a damages claim. The standard here under Fisher is I merely need to invoke a money-mandating statute. If I invoke a money-mandating statute or constitutional provision, and I've done both, the district court has subject matter jurisdiction and can't dismiss the case. Can't. Fisher says shall proceed forward with the case in the normal course. Jan's helicopter says no further jurisdictional inquiry is necessary. The mistake made here is that we started to go down this path of, well, what do you really own? How were you really injured? That's premature. My complaint invokes a money-mandating statute and a money-mandating constitutional provision. Well, that may be true, but you've got to allege a claim in the complaint as well. And I do. I do. A breach of duty, a breach of 162.88. What's the allegation of injury? The allegation of injury is they diverted that water, used it for their own purpose. What water? The water of the Missouri River, which the government concedes at page 14 of their brief that if that water is mismanaged, we have a claim. If that water is taken, we have a claim. The takeaway from page 14 of their concession is the word if. So that's at page 14. They say we agree for purposes of Rule 12 that if that the tribe has winter's reserved water rights, that if mismanaged or if taken, give rise to a claim. If is a small word, but it's the word of the day here. If is a merits word. If it's taken. If he can prove it's taken. If he can prove that it was mismanaged. But they concede that those rights give rise to a claim. I have pled a claim that a breach of 162.88, money mandating, allows me to recover damages. Taking of the water allows me to recover damages because I have a present perfected property interest in it. There's another overarching reason here, too, why we should reverse this and send it back to the trial court. And that reason is that the basis for the claim, subject matter jurisdiction, are both inextricably intertwined. In other words, 162.88 is my basis for subject matter jurisdiction and my basis for recovery. And so under CAWA and its progeny, in those instances, the better course of action is to send it back down. Let the trial court resolve the merits issue, either at summary judgment or have the trier of fact resolve it. Because when the basis for both subject matter jurisdiction and recovery is inextricably intertwined, then the court should not dismiss the case. So my whole argument rises and falls on Fisher. It's Fisher and Jan's helicopter. All I need to do is to invoke a money mandating statute or constitutional provision, and that's the end of the analysis. I would submit to your honors that because I have done so, it was improper for the court to dismiss the case. The court dismissed the case, Judge, sort of along the same line of question you're asking me, which is what's your injury? What are your damages? I don't think you can get there. And so I'm going to dismiss the case today because what's the point? And my response to that would be you don't get to skip Fisher and you don't get to skip Jan's helicopter because you don't think that I can prove damages at the end of the day. There are injuries alleged. What is the injury? The breach of 162AV8. That's the injury. Does it mandate money? I mean, it seems to me that is a kind of category mistake. Injury does not follow from an assertion of violation of a legal norm. It's a separate thing. And I think what Judge Hodges was saying, put aside the reference to damages and focus just on the part of injury. He said you agree that your such rights as you have comes from winters, which has to do with getting enough water for the reservation's needs. However, that's defined. Yes. You have not said we've ever gotten less than we need. So even if somehow there's a breach of some duty, I don't even know how that follows, but the injury requirement is you have to allege, and you haven't, he said, that you've gotten less than you need, which is what the winter's right gives you, as I think you concede. I do concede that, and I do think that that goes to the takings claim, certainly. I don't think that that goes to the mismanagement claim, though. The water can be mismanaged without being taken. The water can be mismanaged without impeding my ability to go down to the river and take the water necessary to, in the key phrases, fulfill the purpose of the reservation. So I can still go down and do that. I grant you that. The reason I can do that is because I have presently perfected property rights in that water. That's what winter's gives me. That's what I get from winter's. Now, if you accept that as a premise, that that's what I have, then the taking of that, and how is it taken? It's diverted to other uses. It's taken by consumption. It's a billion dollars a year in WAPA, hydroelectricity. All of those are things that take away from me my present perfected property right, notwithstanding the fact that, yes, I can still go down there tomorrow and get the water. The fact that the water can be replaced— Why is it your property right? You don't own all the water in the Missouri River. I have primary right. You only have the water that's necessary for reservation use, and you're not being deprived of that. That's the problem, according to your allocations. Well, I would argue that I am being deprived of that. How so? Well, once we have the statute, once we have a money-mandating statute invoked, then all of the general fiduciary duties that the government owes the tribe come into play. I want to be very clear. General fiduciary duties does not get me subject matter jurisdiction. But once I have subject matter jurisdiction, then I am entitled to that whole wealth of rights, that whole wealth of duties owed by the government as a fiduciary. I would argue that that includes them giving us, as our trustee, all the water that's necessary to fulfill the purpose of the trial. They haven't done that. My second claim is breach of fiduciary duty. The injury is that they failed to give us that water. They breached their fiduciary duty to give us the water necessary to fulfill the purpose of the trial. But that's something I argue after we have subject matter jurisdiction. And all that's required for subject matter jurisdiction, money-mandating statute, money-mandating constitutional provision, that, says Fisher, the case shall proceed forward. That, says Jan's helicopter, is the end of the jurisdictional inquiry. That's it. That's what I've pled. That's what I have. These later questions are going to have to be dealt with. But they're not determinative of whether or not the court had subject matter jurisdiction. Pardon me. Okay, let's hear from the government. Thank you. Ms. Blaha. Good morning. May it please the court, Amber Blaha for the United States. So at the outset, I'd like to address counsel's statements about Fisher. I think the tribe has the holding of Fisher exactly backwards in two important ways. First, I think the holding in Fisher and the subsequent cases of this court did nothing to eliminate the other jurisdictional requirements for the Court of Federal Claims. These include standing, ripeness, that a claim is not barred by the statute of limitations. So I think even where the requirements of Fisher are satisfied, those jurisdictional prerequisites still must be met. The second point on the money-mandating statute assertion that all needs to be done is sort of an allusion to a money-mandating statute. I think the holding of Fisher is really contrary to that. What Fisher did, prior to Fisher, the Court of Federal Claims could essentially take that money-mandating statute inquiry and break it into two steps. They could sort of find that there was a non-frivolous allegation at the threshold stage of the case and look at it again later. What this court did in Fisher was say, no, you need to really make a decision at the very beginning of the case, whether as a matter of law there is a money-mandating statute on which the court's jurisdiction is based. But how do you cross the barrier of all of the cases that we have? Routine, I'll call them water rights cases. This question of saying we're not going to consider the merits of your claim is very curious. This tribe on this claim cannot have a day in court. I find it very hard to reconcile with all of the precedent in which the tribes have had the day in court. Some have prevailed, some have not. Some have not been able to prove the full scope of the monetary damages. But what's really troubling to me is about this case. They say, we don't want to hear what you have to say. We're not interested because you haven't proved your case and your complaint seems to be what the government position is. That seems very curious to me. Well, I think what the tribe has failed to do here is identify a money-mandating duty for the damages that they say they've sustained, which I think has been discussed already are unclear what the actual injury is. But in the cases that you're referring to, they are mostly, I think, about trust funds. And then they're pointing to a money-mandating duty for the damages that they claim in their complaint, which have to do with specific concerns about the management of trust funds or other items that are specifically mentioned in statutes, and thus meet the tests that the Supreme Court has set forth in Navajo and recognized in Hickory and others. So I think those are very distinct from here, where there is no money-mandating statute that they're pointing to that relates at all to the damages they're claiming, which relate to purported mismanagement of water rights. That's a really confusing way to look at it. Look, they cited a money-mandating statute, but they didn't file a complaint that stated a claim under the statute. Well, I think if you want to look at it that way, that's also possible. But it's still, as a matter of law, they haven't stated a claim under the statute. And so I think 12b-6 dismissal would be equally appropriate because I do think it's clear that 162a-d-8. Other parts of 162a have been relied on by other courts as being a money-mandating statute for other types of claims. But I think it is really a stretch to then say that 162a-d-8 creates a money-mandating duty for the government with respect to the management of water rights. But even if you were to assume the whole statute as a whole and say that, well, it's money-mandating for some purpose, so we just want to look at whether you've stated a claim within the context of that statute, I still think the tribe's claims fail because the damages that they have claimed don't fit within the scope of whatever the money-mandating duty is in 162a. Because it does not reach the management of water rights. Do you understand the trouble at least one of us has with the reliance on this word damages in this threshold get-rid-of-the-case determination? Injury is a very different word from damages. Injury is part of a standing inquiry. It's part of even an element of the claim, injury or harm. Damages sounds rather a lot like something that you get to only later in the proceeding. I agree with that. Twice now, I think, in formulating your argument besides that there is no money-mandating statute, you've relied on the term damages. And I guess I'm trying to understand if your argument really turns on that or everything you said could have been said with the word injury instead. The latter, Your Honor. I mean, when I'm using the term damages, I am speaking in terms of injury, not a quantification of damages. I mean, I think what is missing here is any allegation at all that the tribes legally protected right. And I want to take issue with one thing that counsel said, you know, that what their property right is in the water. It's not in the water. They have a use right. And they've made no allegation at all that that use right has been injured, that it's been impaired in any way. I mean, I'd point the court to the 2013 decision in Cassitas. What difference does it make whether it's a use right or a right in the water? They haven't alleged that any of their water has been taken and they haven't alleged that the use has been interfered with. I agree with that. I don't think they have alleged either. But to the extent that they are asserting that the government's actions in managing the flows of the Missouri River writ large are somehow taking their right. My point is only that they, I think as was alluded to earlier, they don't have a right in the entire Missouri River. They have a use right to access water. That's what they want to litigate. And you're saying you're not going to get a chance to make your case. I think that the threshold requirement to be able to proceed with a claim is to have actually alleged injury for a takings claim to the actual property right, which here is their water use right. And I think their complaint is devoid of any allegation that that right has been injured or impaired in any way. So I do think this is appropriate at the threshold for that reason. I think it fits squarely within the court's holding in Casitas that a claim is not ripe and is not ready for adjudication by a court when you haven't alleged that your actual right in the water has been. I thought the government was saying this claim is 40 years old. It's overripe. Well, I think we're dealing with a complaint that doesn't have a lot of precision in what the injury is. But if you were to get to the point where you found that there was actually some injury alleged that could support standing, when you look at the complaint, the only action taken by the government where the injury accrued and where all of the subsequent purported injuries would flow from are actions that were taken in the 40s, 50s, and 60s. Well, exactly. But you're negating your entire premise because you're saying we don't want to hear that. We're not going to let you tell us that. Well, I think it's an alternative argument and I think an additional jurisdictional defect in their complaint. Why is it right that if indeed the two dams are built in the 50s and 60s or something, but each year whoever is doing whatever, who's ever managing the reservoir is diverting the water to making individual yearly decisions. These farmers get the water, everybody else gets the water, but not the reservation. And if, in fact, that had been alleged to deprive the tribe of necessary water for the reservation, why would that be an out of time complaint when it's the year by year diversion decisions that would have caused that, not the building of the dams 50 years ago? There may be a case or a complaint that could be theoretically brought where there is a specific action from which you can identify specific damages. That's been this court standard. Is it an independent and distinct action from which identifiable damages flow? That's what they're talking about. They're talking about the management of the water. They're not complaining that the building of the dam was a taking. There are plenty of cases, including the Supreme Court's decision in Arkansas Fish and Game, which says that you can operate a dam in such a way as to accomplish a taking. Certainly, but it's just the operation of the dam in the normal course. They haven't pointed to any major change in the operation that has suddenly resulted in... That's a different question. It's not a statute of limitations question. Well, I think looking at what's in their complaint, they haven't identified any specific event or action by the federal government that is within the six years. I think from our perspective, there is a statute of limitations problem when the only thing is you created these dams, you installed them, and you've continued to operate them in the way that they have been operated for decades. That does not seem to meet the standard of a distinct event with identifiable damages that this court has required. Can I ask you one question to which I don't think anything turns on this question? The Missouri River, the boundary of the reservation is at, in, over? I'm not certain. I'm not sure that that boundary has been defined precisely. It's not like the middle of the navigable channel or anything? I don't know exactly, but my understanding is it hasn't been... Because some of what you were discussing in your brief, I think not so much this morning, was that the water is actually not on the reservation or something. I think there's at least some question as to whether it would fit within the scope of, even with the very, very broadest reading of 162 AD 8, whether it would fit within the scope of that. I did want to also just address, we spoke a bit about the nature of the water right. Council refers to it as a present perfected property interest. I just want to point out that that is a term that was used that's specific to the Colorado River, and I don't think is a generally applicable term for the purposes of... To the extent he's suggesting that it's giving them some interest in the molecules of water that are flowing in the Missouri River, I don't think that's accurate. Are there any other questions from the court? Anything else? Any more questions? Okay, thank you. May I please... In my remaining five minutes, I'd like to address two things. I want to go back and speak with Judge Dyke about the injury issue, the aspect of injury. I'm confident with where I am, or let's say I'm comfortable with where I am in terms of the money mandating invocation of a statute and constitutional claim, but I hear the questions about injury. The other thing that I want to discuss is statute of limitations, and I think I can make short thrift of that, so I'll devote most of my time to that. I'll devote most of my time to the injury aspect. I'd like to begin by citing the Worth case, 1975 Supreme Court case, that says actual injury required by Article III may exist solely by virtue of statutes creating rights. The violation of said statutes giving rise to an injury. I'll go back to 162 AD 8. Put that broadly, that's not the most robust constitutional standard for standing anymore. Well, it's indicative of the view that, like pleading a statute that triggers subject matter jurisdiction... Maybe to put it this way, later cases I think have said, maybe it's Lujan, maybe it's something else, that what Congress cannot do is statutorily declare something that is not an injury in fact to be an injury in fact. All it can do is take an injury in fact and say this is now legally cognizable when it wouldn't have been before. True, and Lujan was in fact my very next site, which at pages 560 and 561 talks about Worth and says that that is an injury in fact, a violation of a statute that gives rise to a claim. Sure, the statute gives you water, they take your water, that's an injury. But the problem is you haven't alleged that they took your water. We certainly have, Your Honor. We've alleged that they diverted the water, they used it for their own consumption, they sold it to non-Indians. The it is our water. The it is our winter's reserved rights in that water, which is primary and is time eternal from the founding of the reservation. Where do you allege that they took water which fell within the winter's rights? All of it. Where? It doesn't say we needed this water for the reservation and you took it. It doesn't say that. In those express words, it does not. What it does say repeatedly in multiple paragraphs in the complaint is you diverted it, you mismanaged it, you sold it to non-Indians, you self-dealt it. The it is our water. Suppose there's this reservoir behind one of the dams and it has, I'm going to make up some numbers, a million cubic feet or something. Under any circumstance, let's suppose your reservation needs a thousand cubic feet and the Corps or whoever is operating the dam moves hundreds of thousands of cubic feet of water, diverts it to others, but they're never anywhere near depriving you of the thousand cubic feet you have. For you to have a winter's right problem, don't you need to say they've gone below the thousand feet? No, because the winter's right says that we have a present property interest in water that is necessary to fulfill the purpose of the reservation. Us not having that water, us not having utilized that water, the government as our trustee not having said here is the water necessary to fulfill the purpose of your reservation. All of that water, the taking of which, the mismanagement of which gives rise to a present claim. You would have to look at it this way, Judge. You would have to say that unless and until you are going to take some of that water to fulfill the purpose of your reservation, at that point we all agree that it's our water. But unless and until you do that, you don't have a presently perfected property interest in that water. And that's simply not true. We do. We have winter's reserved water rights yesterday, today, and tomorrow. The idea that until it is taken or until it is not taken for some reason affects the rights in that water just simply isn't the law. And so the injury is when they divert it and use it for other purposes, our presently perfected winter's water, when they store it, when they sell it, when they self-deal with it, that is the injury. That gives rise to the claim. On the issue of statute of limitations, there's a single case that I think you can look at. I didn't get the sense that there was great concern about that issue with the court. If there is, I'm happy to answer questions. I would suggest the court take a look at a case called Good Eagle. Good Eagle actually involved 162 AD 8. It's a mining case. What the court in Good Eagle held, and it's interesting too, because it was 162 AD 8, mismanagement of natural resources claim. Not a monetary fund claim. They were actually mismanaging the minerals. In that case, the court held that every day that mine operated, because 162 AD 8 imposes a duty on the government to properly manage natural resources. Each day the mine operated, to your point earlier, Judge, a new statute of limitations started because the duty was breached each day the natural resources were mismanaged. In this case, the duty is breached each day the natural resource of water is mismanaged. I'm happy to answer any other questions the court may have. Any more questions?  Thank you, Judge.